[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11598
Non-Argument Calendar
_____

D.C. Docket No. 7:11-cr-00035-HL-TQL-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEMETRIUS DAVIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(October 4, 2012)

Before TJOFLAT, HULL and MARCUS, Circuit Judges.

PER CURIAM:

After pleading guilty, Demetrius Davis appeals his 24-month sentence imposed for misprision of a felony, in violation of 18 U.S.C. § 4. On appeal, Davis argues that his 24-month sentence, which represented a 14-month upward variance from the advisory guidelines range of 4 to 10 months, is substantively unreasonable. After review, we affirm.

## I. General Sentencing Principles

We review the reasonableness of a sentence for abuse of discretion. Gall v. United States, 552 U.S. 38, 41, 46, 128 S. Ct. 586, 591, 594 (2007). In a reasonableness review, we first look at whether the district court committed any significant procedural error and then at whether the sentence is substantively reasonable under the totality of the circumstances and in light of the 18 U.S.C. § 3553(a) factors.[1] United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008); United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).[2] The party challenging the sentence has the burden to show the sentence is unreasonable.

---

[1]The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

[2]Davis does not argue that his sentence is procedurally unreasonable or identify any procedural defect in his sentencing.

2

Talley, 431 F.3d at 788.

Although in choosing a sentence, the district court must consider the § 3553(a) factors, "[t]he weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." United States v. Williams, 526 F.3d 1312, 1322 (11th Cir. 2008) (alteration in original) (quotation marks omitted). Moreover, the district court need not discuss each factor explicitly; rather an acknowledgment that the district court considered the defendant's arguments and the factors will suffice. United States v. Scott, 426 F.3d 1324, 1329-30 (11th Cir. 2005).

If the district court decides to impose an upward variance, "it must 'consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance.'" Williams, 526 F.3d at 1322 (quoting Gall, 552 U.S. at 50, 128 S. Ct. at 597). In reviewing the reasonableness of a sentence outside the advisory guidelines range, we take into account the district court's justification and the extent of the variance, but we do not require extraordinary circumstances to justify such a sentence or presume that the sentence is unreasonable. Gall, 552 U.S. at 47, 128 S. Ct. at 594-95; United States v. Irey, 612 F.3d 1160, 1186-87 (11th Cir. 2010) (en banc). We also must give "'due deference to the district court's decision that the § 3553(a) factors, as a whole,

3

justify the extent of the variance.'"  Irey, 612 F.3d at 1187 (quoting Gall, 552 U.S. at 51, 128 S. Ct. at 695).  We will vacate such a sentence "only if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." United States v. Shaw, 560 F.3d 1230, 1238 (11th Cir. 2009) (internal quotation marks omitted).

## II.  Davis's Current Offense and Criminal History

As to his current offense, Davis pled guilty to failing to disclose knowledge of illegal drug activity to authorities.  However, it is undisputed that Davis was not only present at an undercover drug deal, but participated in that drug deal. Specifically, when the government's confidential source met with Davis's codefendant, Peter Thornton, to purchase cocaine, Davis left the area and returned with cocaine.  Then, after the confidential source paid Thornton, Defendant Davis handed the cocaine to the confidential source.

Further, Davis's criminal history contains three prior drug-related convictions—two for selling cocaine and one for possessing marijuana.  Although Davis served some prison time for these drug offenses, these relative short sentences did not deter him, and he committed the instant offense while still on

4

probation for those earlier drug crimes.

Specifically, in April 2005, Davis was arrested and charged with two counts of sale of cocaine. Davis pled guilty and received a five-year prison sentence. After serving less than a year, Davis was paroled in January 2006. Ten months later, in October 2006, Davis's parole was revoked when he was arrested for possession of marijuana with intent to distribute. In May 2007, Davis pled guilty to the lesser charge of possession of marijuana and received a two-year prison sentence. Davis was paroled again in April 2008. In December 2010, Davis was on probation for both state drug-related offenses when probation violation warrants were issued. And, Davis was still on probation for both state offenses when he committed the instant offense in August 2011.

### III. Davis's Sentence

At sentencing, the district court explained that it found Davis's role in the instant offense "disturbing" in light of his prior history of imprisonment for drug offenses. The district court observed that Davis had already been to jail, paroled multiple times, had his parole revoked, went on probation, and then had probation violation warrants issued. The district court stated that Davis's criminal history and current conduct indicated that Davis had not learned from his experience and that Davis's prior imprisonments and probation "had no effect on Mr. Davis

whatever" and expressed concern that Davis would return to dealing drugs after completing his sentence. After announcing its intention to vary upward, the district court reasoned that a 4-to-10 month sentence would not reflect the seriousness of the offense in light of Davis's criminal record and that a guidelines sentence would not promote respect for the law, provide just punishment, afford adequate deterrence or protect the public from further crimes by Davis.

Davis has not shown that the district court's decision to impose a 14-month upward variance was an abuse of discretion. The district court's stated concerns over the seriousness of Davis's offense, Davis's criminal history and his risk of recidivism were sufficiently compelling to support the degree of the variance.

We find no merit to Davis's claim that the district court gave disproportionate weight to Davis's criminal history. Davis's prior convictions were only one part of the district court's decision to impose the upward variance. The district court also was concerned that Davis's resulting shorter prison terms had not deterred him from committing more crimes and that Davis would quickly return to drug dealing if he received yet another short sentence.

Davis also argues that his criminal history was already taken into account in calculating his advisory guidelines range and that the court improperly considered his probation violations. However, the district court was not precluded from

6

considering Davis's criminal history or the existence of his probation violations under the § 3553(a) factors.[3]  See United States v. Amedeo, 487 F.3d 823, 833 (11th Cir. 2007).  Under the totality of the circumstances, we cannot say the district court's decision to impose a 24-month sentence was unreasonable.

**AFFIRMED.**

---

[3]The district court did not consider the underlying circumstances of those probation violations and in fact noted that it had no other information about them.